10-236-ag
Mei v. Holder

BIA
Morace, IJ
A099 349 054

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on th 27ᵗʰ day of April, two thousand eleven.

PRESENT:

DENNIS JACOBS,
 *Chief Judge*,
ROBERT A. KATZMANN,
DENNY CHIN,
 *Circuit Judges*.

_____

XUE JIAN MEI,
 *Petitioner*,

  v.           10-236-ag
             NAC

ERIC H. HOLDER, JR.,
UNITED STATES ATTORNEY GENERAL,
 *Respondent*.

_____

FOR PETITIONER:  Alexander Kwok-Ho Yu, New York, New York.

FOR RESPONDENT:  Tony West, Assistant Attorney General; Thomas B. Fatouros, Senior Litigation Counsel; Arthur L. Rabin,

**Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Xue Jian Mei, a native and citizen of the People's Republic of China, seeks review of a December 23, 2009, order of the BIA affirming the February 13, 2008, decision of Immigration Judge ("IJ") Philip L. Morace, which denied Mei's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Xue Jian Mei,* No. A099 349 054 (B.I.A. Dec. 23, 2009), *aff'g* No. A099 349 054 (Immig. Ct. N.Y. City Feb. 13, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir. 2008); *Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

While we generally lack jurisdiction to review an IJ's determination regarding the timeliness of an asylum application, *see* 8 U.S.C. § 1158(a)(3), this Court retains jurisdiction to review "constitutional claims" and "questions of law." 8 U.S.C. § 1252(a)(2)(D).

Mei argues that the IJ violated his due process rights by not allowing him to explain the untimely filing of his asylum application. While this argument potentially raises a constitutional question, it is, nevertheless, unavailing. Due process "requires that an applicant receive a full and fair hearing which provides a meaningful opportunity to be heard." *Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 104-05 (2d Cir. 2006). Since Mei had several opportunities to explain his untimely filing, yet failed to do so, his argument is without merit.

Mei argues that the IJ's adverse credibility determination is unsupported by substantial evidence. For asylum applications governed by the REAL ID Act of 2005, the agency may base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the

3

applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii).  This Court defers to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008).

Under the REAL ID Act, the agency's adverse credibility determination was adequately supported by inconsistencies between Mei's application and testimony and by an omission in his asylum application. 8 U.S.C. § 1158(b)(1)(B)(iii). In addition, the IJ reasonably relied on Mei's non-responsive demeanor:  Mei repeatedly failed to answer questions and answered questions he was not asked.  We give "particular deference to credibility findings based on demeanor," *Karaj v. Gonzales*, 462 F.3d 113, 116 (2d Cir. 2006 (internal quotation marks omitted), as "demeanor is paradigmatically the sort of evidence that a fact-finder is best positioned to evaluate," *Li Zu Guan v. I.N.S.*, 453 F.3d 129, 140 (2d Cir. 2006).

Because the IJ's credibility determination was supported by substantial evidence, we need not reach the agency's alternative burden findings.

Finally, Mei argues that the agency erred in denying his CAT claim. However, because Mei's CAT claim was based on the same factual predicate as his asylum and withholding of removal claims, the agency's adverse credibility determination was a sufficient basis for the denial of CAT relief. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk